WILL OF MILLER: FAIRBANK, Appellant, vs. STROUP and others, Respondents.

*February 4—March 4, 1930.*

For the appellant there was a brief by *Williams & Foster,* attorneys, and *A. L. Simpson* of counsel, all of Fond du Lac, and oral argument by *Mr. Simpson.*

For the respondents the cause was submitted on the brief of *Duffy & Duffy* of Fond du Lac.

FRITZ, J. The following facts were found by the trial court upon undisputed evidence: On December 10, 1928, Herman J. Miller died at the home of his son-in-law,

C. P. Martin, at 10:45 o'clock p. m. On the afternoon of that day C. P. Martin called Mrs. E. M. Fairbank, a justice of the peace, and she went to the Martin home and took notations from Miller regarding the drawing of his will. Thereafter, at her office, she prepared a proposed will. She returned with it to the Martin home after eight o'clock in the evening, and read the proposed will to Miller in a quiet tone of voice, while she and Miller were alone in the room. Frank A. Bohlman and Michael Wickert were in the Martin home, at the request of Martin, to act as witnesses to the will, and at the time of the execution thereof they and Miller and Mrs. Fairbank were the only persons in the room. Bohlman and Wickert signed the proposed will in the presence of the testator and in the presence of each other. At the time of the execution of the instrument Miller was of sound mind and disposing memory, and no undue influence or restraint was brought to bear upon said deceased by any person.

However, the court further found that Miller did not sign the instrument; that he did not request any other person to sign it for him or on his behalf; and that the signature appearing thereon is not the signature of Herman J. Miller, the deceased. In relation to the subject matter of the latter findings, the only testimony of witnesses who were present at the time of the alleged execution of the instrument was that of Mrs. Fairbank and of Bohlman and Wickert, the attesting witnesses. There was no uncertainty, inconsistency, conflict, or contradiction in their testimony; and they were neither discredited nor impeached in any respect. They testified in substance that the signature "Herman J. Miller" which appears on the instrument was his signature; that it was written by him; that no part was written by any one else; that Mrs. Fairbank held his arm just above the wrist, to steady his hand, but she did not assist him in making the letters, nor use any pressure to make his name; that Bohlman and Wickert were in the room when Miller signed

the will, and saw him sign it; that Mrs. Fairbank read the attestation clause and asked Miller if he wanted those men to act; that he said "Yes, all right;" and that the witnesses then signed in the same room and in the presence of Miller and of each other.

On the other hand, the only attempt to contradict the testimony of those three witnesses, who thus testified as to what they saw and heard occur in their presence, is by the testimony of two witnesses who expressed mere opinions as to the genuineness of the alleged signature. One of those witnesses testified that in his opinion Miller's signature to the will had none of the characteristics of the German character or style of some other handwriting of Miller which was admittedly genuine. The other witness testified that in his opinion the alleged signature of Miller was not in the same handwriting as the admittedly genuine signatures.

After a review of all of the evidence we have concluded that the trial court's findings that Miller did not sign the instrument and that his alleged signature thereon is not in fact his signature are contrary to the clear preponderance of the credible evidence. In this case, as in *Estate of Johnson*, 170 Wis. 436, 175 N. W. 917:

". . . The positive testimony of witnesses whose integrity and credibility is otherwise unassailed is not outweighed or overcome by the testimony of handwriting experts, who express opinions only. The testimony of honest witnesses who state that they know what they testify to is more convincing than theory. It is not likely that the testimony of the several witnesses who testify that they were present and know what took place would make up such a story."

We do not positively know whether Miller signed the writing in question; the handwriting experts do not know; but Mrs. Fairbank, Bohlman, and Wickert testify that they do know, and that Miller did sign it, and upon that credible and competent evidence that he did so sign the court should

so have found, under the facts and circumstances of this case. Consequently, the proposed will should be admitted to probate as the will of Herman J. Miller.

*By the Court.*—The judgment is reversed, and cause remanded with directions to admit the will to probate. The costs taxed in this court to be paid out of the estate.